**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4193

CHAD WINFRED WILLIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-262)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chad Winfred Willis pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to 96 months in prison. Willis noted a timely appeal. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal. Nonetheless, counsel argues that the sentence was too severe. Willis was advised of his right to file a pro se supplemental brief, but he did not file such a brief. Because we find the assignment of error to lack merit and discern no other error in the record, we affirm Willis' conviction and sentence.

The presentence report reflects that Willis' base offense level was 24. See U.S. Sentencing Guidelines Manual§ 2K2.1(a)(2) (1998). Willis received a three-level adjustment for acceptance of responsibility. See USSG § 3E1.1(a), (b). His resulting offense level was 21. With a criminal history category of VI, Willis' guideline range was 77-96 months. The Government moved for an upward departure, arguing that Willis' extensive criminal history in the North Carolina state courts warranted such a departure. The district court denied the motion but sentenced Willis to the maximum term of imprisonment within his guideline range.

On appeal, counsel contends that the 96-month sentence is too severe. Counsel points out that this is Willis' first federal conviction, and, despite his multiple state convictions, Willis has never served a significant length of time for those offenses. Additionally, Willis is a dialysis patient, admits that he has a drug problem that he needs to control, and wants to pursue his education and obtain certain skills.

We have held that a defendant may not seek "review of a sentencing court's discretion in setting a sentence anywhere within a properly

2

calculated sentencing range." United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990). The record in this case reflects that Willis' guideline range was appropriately calculated. His 96-month sentence exceeded neither the guideline range nor the maximum penalty to which he was statutorily subject. See 18 U.S.C.A. § 924(a)(2) (West 2000).

As required by Anders, we have independently reviewed the entire record and all pertinent documents in this case. We have considered all possible issues presented by the record and conclude that there are no non-frivolous grounds for this appeal. We deny counsel's motion to withdraw at this time. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires counsel to inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for a writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Willis' conviction and sentence, dismissing that part of the appeal challenging the length of the sentence as unduly severe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3